UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE SUBPOENA ON BAE SYSTEMS, INC. | Miscellaneous Action No.: 1:25-mc-00044-JL-AJ |
| COLLISION COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Underlying Case: <br> Case No. 2:23-cv-00587-JRG <br><br> (Pending in the U.S. District Court for the Eastern District of Texas) |

**SAMSUNG'S MOTION FOR EXPEDITED CONSIDERATION**

Pursuant to District of New Hampshire Local Rule 7.1(f), Petitioners Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") hereby move for expedited consideration of its Motion to Enforce Subpoena (Dkt. 1), filed on April 7, 2025, in the above-captioned matter. In support of this Motion, Samsung states as follows:

1. In the underlying district court litigation in the Eastern District of Texas, plaintiff Collision Communications, Inc. ("Collision") asserts infringement of five U.S. patents originally developed by or assigned to BAE.

2. In the underlying litigation, the pre-trial conference is set for August 24, 2025 and trial is set for September 8, 2025.

3. In the underlying litigation, the issues of patent licensing and marking of "patented articles" by BAE pursuant to 35 U.S.C. § 287 are critical to the amount of potential damages for

the alleged infringement. At his Rule 30(b)(6) deposition, BAE's corporate witness designated on these topics, Mr. Thomas McElwain, could not answer numerous questions relating to BAE's commercial products and whether those products practiced the patents-in-suit or supported certain technology allegedly covered by the patents-in-suit. BAE also failed to produce sufficient discovery to determine whether its commercial products practice the patents-in-suit or support certain technology allegedly covered by the patents-in-suit. The answers to these questions have a dramatic impact on the measure of damages available in the underlying action.

4. On April 7, 2025, Samsung brought the instant action, filing a motion to enforce the subpoena *duces tecum* and *ad testificandum* issued by Samsung on BAE and requesting the Court grant a renewed corporate deposition and further document production relating to BAE's commercial products.

5. Pursuant to the Docket Control Order in the underlying litigation, the parties filed motions for summary judgment and *Daubert* motions on June 2, 2025. *Collision Communications, Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-cv-00587-JRG, ECF No. 113 ("First Amended Docket Control Order"), ECF Nos. 128, 130-139 (sealed versions of motions), ECF Nos. 144-149 & 151-155 (public versions of same motions). The motions for summary judgment and *Daubert* motions are fully briefed.

6. The parties expect the court in the underlying litigation to hear argument on the motions at the pre-trial conference on August 24, 2025.

7. The parties' motions may be impacted by the relief Samsung seeks from this Court. For example, Samsung's motion for summary judgment of no pre-suit damages relies on evidence that BAE failed to mark products that practice the asserted patents. *See Collision v. Samsung*, No. 2:23-cv-00587-JRG, & ECF No. 148 (public version) at 6, 12-14 ("Nor can Collision avail itself

2

of the rule of reason that protects patentees that make reasonable efforts to require their licensees to mark because, by Collision's admission, it made no such efforts, not even including a requirement to mark in licensing agreements with BAE[.]"). Mr. McElwain's testimony is also central to Samsung's motion to strike Collision's technical expert Dr. Kowalski. *See Collision v. Samsung*, No. 2:23-cv-00587-JRG, ECF No. 149 (public version) at 3 ("Samsung deposed a BAE witness, Mr. McElwain, in this case on March 28. Mr. McElwain was wholly unprepared to discuss BAE's patent-practicing products, and Samsung has moved to compel further testimony in the District of New Hampshire.").

8. Pursuant to Local Rule 7.1(c), undersigned counsel contacted counsel for BAE and asked that BAE assent to expedited consideration of this matter as requested below. BAE declined to assent.

WHEREFORE, Samsung respectfully requests this Court:

A. Grant this motion;

B. Expedite consideration of this matter by scheduling a hearing (should the Court deem it necessary) as soon as is practicable for the Court and providing a ruling on Samsung's motion (Dkt. 1) prior to August 24, 2025, the date of pre-trial conference in the underlying matter; and

C. Award any such further relief as the Court deems just and proper.

Dated:  July 15, 2025  Respectfully submitted,

By <u> */s/ Brian Mack* </u>
Harvey Wolkoff  (NH Bar ID 277128)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone:     (617) 712-7100
Facsimile:      617) 712-7200
harveywolkoff@quinnemanuel.com

Brian Mack (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700
brianmack@quinnemanuel.com

*Counsel for*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served upon counsel of record via ECF system on this date.

Dated: July 15, 2025    By  */s/ Brian E. Mack*
                                                                Brian Mack